Steven W. Ritcheson (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
Email: switcheson@insightplc.com

Jack Shaw (SBN 309382)
Brett Mangrum (*pro hac vice* to be filed)
Mark Siegmund (*pro hac vice* to be filed)
William Ellerman (*pro hac vice* to be filed)
Ari Rafilson (*pro hac vice* to be filed)
**CHERRY JOHNSON SIEGMUND JAMES, PC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
jshaw@cjsjlaw.com
bmangrum@cjsjlaw.com
msiegmund@cjsjlaw.com
wellerman@cjsjlaw.com
arafilson@cjsjlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACEM IP HOLDINGS LLC, a Texas limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> MAXIM LIGHTING INTERNATIONAL, INC., a California corporation, <br><br> Defendant. | Case No. _____ <br><br><br> **PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br><br><br> **JURY TRIAL DEMANDED** |

1

Plaintiff Pacem IP Holdings LLC ("Pacem" or "Plaintiff"), by and through the undersigned counsel, hereby asserts the following claims for patent infringement against Defendant Maxim Lighting International, Inc. ("Maxim" or "Defendant"), and alleges as follows:

## SUMMARY

1.    Plaintiff is the owner by assignment of all right, title and interest in United States Patent Nos. RE48,489; 8,591,062; 8,752,983; and 9,410,687 (collectively, the "Patents-in-Suit").

2.    Defendant infringes the Patents-in-Suit at least by selling, without authorization, Plaintiff's proprietary technologies in a number of their commercial products including, *inter alia*, the B11 4W E12 Bulb, E26 6W ST58 2700K Bulb, 4W T30 4D E26 Bulb, 7W A19 Frosted 3000K Bulb, G25 Reflector Bulb, G25 4W 2200K Bulb, T8 4W LED Bulb, and other substantially similar products (collectively, the "Accused Products"). These Accused Products are marketed, offered, and distributed throughout the United States, including in this District.

3.    By this action, Plaintiff seeks to obtain compensation for the harm Plaintiff has suffered, and will continue to suffer, as a result of Defendant infringement of the Patents-in-Suit.

## NATURE OF THE ACTION

4.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

5.    Defendant has infringed and continues to infringe, and at least as early as the filing and/or service of this Complaint, has induced and continues to induce infringement of, and has contributed to and continues to contribute to infringement of, one or more claims of Plaintiff's Patents-in-Suit at least by making, using, selling, and/or offering to sell the Accused Products in the United States, including in this District, and/or by importing the Accused Products into the United States.

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

6.     Plaintiff is the legal owner by assignment of the Patents-in-Suit, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Plaintiff seeks monetary damages for Defendants' infringement of the Patents-in-Suit.

## THE PARTIES

7.     Plaintiff Pacem IP Holdings LLC is a Texas limited liability company with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252. Plaintiff is the owner of the intellectual property rights at issue in this action.

8.     On information and belief, Defendant Maxim Lighting International, Inc. is a corporation organized and existing under the laws of California that maintains an established place of business[1] at 253 N Vineland Ave., City of Industry, CA 91746 and may be served with process by serving it directly at its established place of business in California or via substituted service.

9.     On information and belief, Defendant, through its distribution and retailer networks as well as its online store, directly and/or indirectly distributes, markets, offers to sell, and/or sells the Accused Products in the United States, and/or imports the Accused Products into the United States, including in the Central District of California, and otherwise directs infringing activities to this District in connection with the Accused Products.

## JURISDICTION AND VENUE

10.     As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., this Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over Defendant because Defendant has (i) availed themselves of the rights and benefits of the laws of the State of California, (ii) transacted, conducted, and/or solicited business and engaged in a

---

[1] https://www.maximlighting.com/contact-us

3

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

persistent course of conduct in the State of California (and in this District), (iii) derived substantial revenue from the sales and/or use of products, such as the Accused Products, in the State of California (and in this District), (iv) purposefully directed activities (directly and/or through intermediaries), such as marketing, shipping, distributing, offering for sale, selling, and/or advertising the Accused Products, at residents of the State of California (and residents in this District), (v) delivered Accused Products into the stream of commerce with the expectation that the Accused Products will be used and/or purchased by consumers in the State of California (and in this District), and (vi) committed acts of patent infringement in the State of California (and in this District).

12.     Venue is proper in this District under 28 U.S.C. § 1400(b) as Defendant resides in this District.  Further, Defendant has committed acts of infringement in this District by selling, importing, and/or offering for sale the products alleged herein to infringe Pacem's patents through at least its location at 253 N Vineland Ave., City of Industry, CA 91746. The foregoing location also constitutes a regular and established place of business within this District.

## PATENTS-IN-SUIT

### U.S. Patent No. RE48,489

13.     U.S. Patent No. RE48,489 (the "'489 Patent") is titled "Gas cooled LED lamp" and was issued on March 30, 2021. A true and correct copy of the '489 Patent is attached as Exhibit A.

14.     The '489 Patent was filed on February 26, 2018 as U.S. Patent Application No. 15/904,789.

15.     Plaintiff is the owner of all rights, title, and interest in and to the '489 Patent, with the full and exclusive right to bring suit to enforce the '489 Patent, including the right to recover for past infringement.

16.     The '489 Patent is valid and enforceable under United States Patent Laws.

4

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

### U.S. Patent No. 8,591,062

17.    U.S. Patent No. 8,591,062 (the "'062 Patent") is titled "LED Lamp" and was issued on November 26, 2013. A true and correct copy of the '062 Patent is attached as Exhibit B.

18.    The '062 Patent was filed on March 1, 2013 as U.S. Patent Application No. 13/781,847

19.    Plaintiff is the owner of all rights, title, and interest in and to the '062 Patent, with the full and exclusive right to bring suit to enforce the '062 Patent, including the right to recover for past infringement.

20.    The '062 Patent is valid and enforceable under United States Patent Laws.

### U.S. Patent No. 8,752,983

21.    U.S. Patent No. 8,752,983 (the "'983 Patent") is titled "Gas cooled LED lamp" and was issued on June 17, 2014. A true and correct copy of the '983 Patent is attached as Exhibit C.

22.    The '983 Patent was filed on March 1, 2013 as U.S. Patent Application No. 13/781,844.

23.    Plaintiff is the owner of all rights, title, and interest in and to the '983 Patent, with the full and exclusive right to bring suit to enforce the '983 Patent, including the right to recover for past infringement.

24.    The '983 Patent is valid and enforceable under United States Patent Laws.

### U.S. Patent No. 9,410,687

25.    U.S. Patent No. 9,410,687 (the "'687 Patent") is titled "LED lamp with filament style LED assembly" and was issued on August 9, 2016.  A true and correct copy of the '687 Patent is attached as Exhibit D.

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

26.     The '687 Patent was filed on February 22, 2013 as U.S. Patent Application No. 13/774,078.

27.     Plaintiff is the owner of all rights, title, and interest in and to the '687 Patent, with the full and exclusive right to bring suit to enforce the '687 Patent, including the right to recover for past infringement.

28.     The '687 Patent is valid and enforceable under United States Patent Laws.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. RE48,489

29.     Plaintiff incorporates by reference and re-alleges paragraphs 1- 28 the Complaint as if fully set forth herein.

30.     Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '489 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the E26 6W ST58 2700K Bulb, 7W A19 Frosted 3000K Bulb, G25 Reflector Bulb, G25 4W 2200K Bulb, and other substantially similar products.

31.     By way of non-limiting example(s), set forth below (with claim language in bold and italics) is exemplary evidence of infringement of claim 11 of the '489 Patent by the '489 Accused Products. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '489 Accused Products that it obtains during discovery.

32.     ***11(a): A lamp comprising: an optically transmissive enclosure;*** — The Maxim A19 3000K Bulb is a lamp comprising an optically transmissive enclosure as recited in claim 11:

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



*Figure 1A - 1*

33.    ***11(b): an LED array disposed in the optically transmissive enclosure
to be operable to emit light when energized through an electrical connection, the
LED array being thermally coupled to the enclosure; and*** — The Maxim A19 3000K
Bulb comprises an LED array disposed in the optically transmissive enclosure that is
operable to emit light when energized through an electrical connection, the LED array
being thermally coupled to the enclosure via at least helium gas as seen in Figure 1A
– 2 to Figure 1A - 3:



*Figure 1A - 2*

7

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



*Figure 1A - 3*

34.    ***11(c): an electrically insulating base comprising an upper part that is connected to the enclosure and a separate lower part that is a separate component from the upper part and that is joined to the upper part and an electrical connector connected to the lower part that forms part of the electrical connection to the LED assembly.*** — The Maxim A19 3000K Bulb comprises an electrically insulating base with an upper section attached to the enclosure and a separate lower part that is joined to the upper part, and an electrical connector to the lower part that forms part of the electrical connection to the LED assembly as seen in Figure 1A – 4 to Figure 1A - 5:



**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

*Figure 1A - 4*



*Figure 1A - 5*

35.    At least as early as the filing of the original Complaint, Defendant had knowledge of the '489 Patent, that the '489 Patent was being infringed and that Defendant was not granted a license by Plaintiff.  Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '489 Accused Products with and despite the foregoing knowledge.

36.    Defendant has continued to actively induce infringement of the '489 Patent by, for example, selling the '489 Accused Products to others with the intention that they will use the Accused Products without Plaintiff's license or permission and actively encouraging the unauthorized making of the '489 Accused Products by third parties from whom Defendant purchases the LED packages used or incorporated into the '489 Accused Products.

37.    By and through its actions, Defendant has also continued active contributory infringement of the '489 Patent.  Defendant has, for example, continued to purchase and incorporate into the '489 Accused Products LED packages and components that it knows are material to the practicing of the claimed inventions and have no substantial non-infringing use other than as a component of LED products

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

accused herein.  Upon information and belief, the LED packages and components with the structure, function and operation of the claimed inventions were specifically selected by Defendant for use in the '489 Accused Products.

38.    Defendant's infringement of the '489 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

39.    Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '489 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '489 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party.  In addition, Defendant has had actual notice of the '489 Patent since at least as early as the filing of the original Complaint.

40.    Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '489 Patent, including, without limitation, a reasonable royalty.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,591,062

41.    Plaintiff incorporates by reference and re-alleges paragraphs 1- 40 of the Complaint as if fully set forth herein.

42.    Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '062 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the B11 4W E12 Bulb, E26 6W ST58 2700K Bulb, 4W T30 4D E26 Bulb, 7W A19 Frosted 3000K Bulb, G25 Reflector Bulb, G25 4W 2200K Bulb, T8 4W LED Bulb among other substantially similar products (collectively, the "'062 Accused Products").

43.    By way of non-limiting example(s), set forth below (with claim language

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

in bold and italics) is exemplary evidence of infringement of claim 7 of the '062 Patent. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '062 Accused Products that it obtains during discovery.

44.    ***7(a): A lamp comprising: an optically transmissive enclosure;***—The Maxim E26 T30 4W Clear Bulb is a lamp comprising an optically transmissive enclosure:



*Figure 1B - 1*

45.    ***7(b): a base comprising an Edison screw adapted to engage an Edison socket;***— The Maxim E26 T30 4W Clear Bulb includes a base comprising an Edison screw adapted to engage an Edison socket as seen in Figure 1B – 2 to Figure 1B - 4:

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



*Figure 1B - 2*

*Figure 1B – 3*

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



*Figure 1B - 4*

46.    ***7(c): an LED assembly connected to the base and extending into the optically transmissive enclosure,—*** The Maxim E26 T30 4W Clear Bulb includes an LED assembly connected to the base and extending into the optically transmissive enclosure, as seen below:

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



*Figure 1B - 5*

47.    ***7(d): the LED assembly comprising a plurality of LEDs operable to emit light when energized through an electrical path from the base,—*** The Maxim E26 T30 4W Clear Bulb includes an LED assembly comprising a plurality of LEDs operable to emit light when energized through an electrical path from the base as seen in Figure 1B – 6 to Figure 1B – 7:

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

1
2
3
4
5
6
7
8
9
10
11
12



*Figure 1B - 6*

13
14
15
16
17
18
19
20
21
22
23
24



*Figure 1B – 7*

25    48.    ***7(e): the LED assembly is arranged such that the plurality of LEDs are***

26    ***disposed about a longitudinal axis of the lamp in a band and face outwardly toward***

27    ***the enclosure to create a source of the light that visibly appears as a centrally***

28

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

***glowing area.—*** The Maxim E26 T30 4W Clear Bulb includes an LED assembly comprising a plurality of LEDs that are disposed about a longitudinal axis of the lamp in a band and face outwardly toward the enclosure to create a source of light that visibly appears as a centrally glowing area as seen in Figure 1B – 8 to Figure 1B – 10:



*Figure 1B - 8*



*Figure 1B – 9*

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



*Figure 1B – 10*

49.    At least as early as the filing of the original Complaint, Defendant had knowledge of the '062 Patent, that the '062 Patent was being infringed and that Defendant was not granted a license by Plaintiff.  Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '062 Accused Products with and despite the foregoing knowledge.

50.    Defendant has continued to actively induce infringement of the '062 Patent by, for example, selling the '062 Accused Products to others with the intention that they will use the Accused Products without Plaintiff's license or permission and actively encouraging the unauthorized making of the '062 Accused Products by third parties from whom Defendant purchases the LED packages used or incorporated into the '062 Accused Products.

51.    By and through its actions, Defendant has also continued active contributory infringement of the '062 Patent. Defendant has, for example, continued

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

to purchase and incorporate into the '062 Accused Products LED packages and components that it knows are material to the practicing of the claimed inventions and have no substantial non-infringing use other than as a component of LED products accused herein.  Upon information and belief, the LED packages and components with the structure, function and operation of the claimed inventions were specifically selected by Defendant for use in the '062 Accused Products.

52.    Defendant's infringement of the '062 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

53.    Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '062 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '062 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party.  In addition, Defendant has had actual notice of the '062 Patent since at least as early as the filing of the original Complaint.

54.    Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '062 Patent, including, without limitation, a reasonable royalty.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 9,410,687

55.    Plaintiff incorporates by reference and re-alleges 1-54 of the Complaint as if fully set forth herein.

56.    Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '687 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the B11 4W E12 Bulb, E26 6W ST58 2700K Bulb, 4W

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

T30 4D E26 Bulb, 7W A19 Frosted 3000K Bulb, G25 Reflector Bulb, G25 4W 2200K Bulb, T8 4W LED Bulb among other substantially similar products (collectively, the "'687 Accused Products").

57.    As non-limiting examples, set forth below (with claim language in bold and italics) is exemplary evidence of infringement of claim 1 of the '687 Patent. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '687 Accused Products that it obtains during discovery.

58.    *1(a): A lamp comprising: an optically transmissive enclosure;* — The Maxim B11 4W E12 Bulb is a lamp comprising an optically transmissive enclosure:



*Figure 1C - 1*

59.    *1(b): a base connected to the enclosure to define an interior space in the optically transmissive enclosure and a longitudinal axis extending from the base to the enclosure;* — The Maxim B11 4W Bulb includes a base connected to the enclosure to define an interior space in the optically transmissive enclosure and a

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

longitudinal axis extending from the base to the enclosure as seen in Figure 1C – 2 to Figure 1C – 3:



*Figure 1C - 2*



*Figure 1C - 3*

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

60. ***1(c): a tower extending from the base and extending into the interior space of the optically transmissive enclosure and supporting an LED assembly in the optically transmissive enclosure, the LED assembly comprising a plurality of LEDs operable to emit light when energized through an electrical path from the base, the tower and the LED assembly are arranged such that the plurality of LEDs are disposed about the periphery of the tower in a band at the optical center of the enclosure along the longitudinal axis and face outwardly toward the enclosure to create a source of the light that appears as a glowing filament.*** — The Maxim B11 4W Bulb includes a tower extending from the base and extending into the interior space of the optically transmissive enclosure and supporting an LED assembly in the optically transmissive enclosure that comprises a plurality of LEDs operable to emit light when energized through an electrical path from the base, the tower and the LED assembly are arranged such that the plurality of LEDs are disposed about the periphery of the tower in a band at the optical center of the enclosure along the longitudinal axis and face outwardly toward the enclosure to create a source of the light that appears as a glowing filament as seen Figure 1C – 4 to Figure 1C – 9.



*Figure 1C - 4*

21



*Figure 1C – 5*

*Figure 1C - 6*

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



*Figure 1C - 7*



*Figure 1C - 8*

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



*Figure 1C - 9*

61.    687 Patent, that the '687 Patent was being infringed and that Defendant was not granted a license by Plaintiff.  Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '687 Accused Products with and despite the foregoing knowledge.

62.    Defendant has continued to actively induce infringement of the '687 Patent by, for example, selling the '687 Accused Products to others with the intention that they will use the Accused Products without Plaintiff's license or permission and actively encouraging the unauthorized making of the '687 Accused Products by third parties from whom Defendant purchases the LED packages used or incorporated into the '687 Accused Products.

63.    By and through its actions, Defendant has also continued active contributory infringement of the '687 Patent.  Defendant has, for example, continued to purchase and incorporate into the '687 Accused Products LED packages and

24

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

components that it knows are material to the practicing of the claimed inventions and have no substantial non-infringing use other than as a component of LED products accused herein.  Upon information and belief, the LED packages and components with the structure, function and operation of the claimed inventions were specifically selected by Defendant for use in the '687 Accused Products.

64.    Defendant's infringement of the '687 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

65.    Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '687 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '687 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party.  In addition, Defendant has had actual notice of the '687 Patent since at least as early as the filing of the original Complaint.

66.    Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '687 Patent, including, without limitation, a reasonable royalty.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,752,983

67.    Plaintiff incorporates by reference and re-alleges paragraphs 1-66 the Complaint as if fully set forth herein.

68.    Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '983 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the E26 6W ST58 2700K Bulb, 7W A19 Frosted 3000K Bulb, G25 Reflector Bulb, G25 4W 2200K Bulb among other substantially similar products (collectively, the "'983 Accused Products").

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

69.     By way of non-limiting example(s), set forth below (with claim language in bold and italics) is exemplary evidence of infringement of claim 1 of the '983 Patent. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '983 Accused Products that it obtains during discovery.

70.     ***1(a): A lamp comprising: an optically transmissive enclosure and a base defining an axis of the lamp that extends from the base to the enclosure;*** — The Maxim E26 6W ST58 2700K Bulb is a lamp comprising an optically transmissive enclosure and a base defining an axis of the lamp that extends from the base to the enclosure as seen in Figure 1D - 1:



*Figure 1D - 1*

71.     ***1(b): an LED array disposed in a center of the optically transmissive enclosure operable to emit light when energized through an electrical***

26

***connection,***— The Maxim E26 6W ST58 2700K Bulb comprises an LED array positioned in a center of the optically transparent enclosure that emits light when energized through an electrical connection as seen in Figure 1D – 2 to Figure 1D – 3.



*Figure 1D – 2*



*Figure 1D - 3*

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

72.    ***1(c): comprising a submount made of a thermally conductive material supporting a plurality of LEDs arranged in a band about the axis of the lamp;*** — The Maxim E26 6W ST58  2700K Bulb includes LED array that comprises a submount made of a thermally conductive material that supports a plurality of LEDs arranged in a band around the axis of the lamp as seen in Figure 1D – 4 to Figure 1D – 5.



*Figure 1D – 4*

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



*Figure 1D - 5*

**1 (d): a gas contained in the enclosure to provide thermal coupling to the LED array; and** — The Maxim E26 6W ST58 2700K Bulb comprises a gas, such as helium, contained within the enclosure to provide thermal coupling to the LED array as seen in Figure 1D - 6.



*Figure 1D - 6*

**1 (e): a heat sink structure thermally coupled to the LED array for transmitting heat from the LED array to the gas.** — The Maxim E26 6W ST58 2700K Bulb includes a heat sink structure that is thermally coupled to the LED array to transmit heat from the LED array to the gas as seen in Figure 1D - 7.

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



*Figure 1D - 7*

73.    At least as early as the filing of the original Complaint, Defendant had knowledge of the '983 Patent, that the '983 Patent was being infringed and that Defendant was not granted a license by Plaintiff.  Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '983 Accused Products with and despite the foregoing knowledge.

74.    Defendant has continued to actively induce infringement of the '983 Patent by, for example, selling the '983 Accused Products to others with the intention that they will use the Accused Products without Plaintiff's license or permission and actively encouraging the unauthorized making of the '983 Accused Products by third parties from whom Defendant purchases the LED packages used or incorporated into the '983 Accused Products.

75.    By and through its actions, Defendant has also continued active contributory infringement of the '983 Patent.  Defendant has, for example, continued to purchase and incorporate into the '983 Accused Products LED packages and components that it knows are material to the practicing of the claimed inventions and have no substantial non-infringing use other than as a component of LED products accused herein.  Upon information and belief, the LED packages and components

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

with the structure, function and operation of the claimed inventions were specifically selected by Defendant for use in the '983 Accused Products.

76.    Defendant's infringement of the '983 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

77.    Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '983 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '983 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party.  In addition, Defendant has had actual notice of the '983 Patent since at least as early as the filing of the original Complaint.

78.    Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '983 Patent, including, without limitation, a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

A.    That Judgment be entered that Defendant has infringed at least one or more claims of the Patents-in-Suit, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B.    An award of damages adequate to compensate Plaintiff for the infringement of the Patents-in-Suit by Defendant, including, but not limited to, lost profits, where such damages should be no less than a reasonable royalty under 35 U.S.C. § 284, together with costs;

C.    That this Court award damages for future infringement up to the expiry of the Patents-in-Suit;

D.    That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees;

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

E.    Costs and expenses in this action;

F.    An award of prejudgment and post-judgment interest; and

G.    Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Date: October 9, 2025                     Respectfully submitted,

*/s/ Steven W. Ritcheson*
Steven W. Ritcheson (CA SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
Email:  switcheson@insightplc.com

Jack Shaw (CA SBN 309382)
Brett Mangrum (*pro hac vice* to be filed)
Mark Siegmund (*pro hac vice* to be filed)
William Ellerman (*pro hac vice* to be filed)
Ari Rafilson (*pro hac vice* to be filed)
**CHERRY JOHNSON SIEGMUND JAMES, PC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone:  (254) 732-2242
Facsimile:   (866) 627-3509
jshaw@cjsjlaw.com
bmangrum@cjsjlaw.com
msiegmund@cjsjlaw.com
wellerman@cjsjlaw.com
arafilson@cjsjlaw.com

*Attorneys for Plaintiff*

32

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____