Steven W. Ritcheson (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
Email:  swritcheson@insightplc.com

Jack Shaw (CA Bar No. 309382)
Brett Mangrum (*pro hac vice*)
Mark D. Siegmund (*pro hac vice*)
William D. Ellerman (*pro hac vice*)
Ari Rafilson (*pro hac vice*)
**CHERRY JOHNSON SIEGMUND JAMES PC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
jshaw@cjsjlaw.com
bmangrum@cjsjlaw.com
msiegmund@cjsjlaw.com
wellerman@cjsjlaw.com
arafilson@cjsjlaw.com

*Attorneys for Plaintiff*

Kevin Davis (SBN 323270)
Polsinelli LLP
2049 Century Park E., Ste. 2900
Los Angeles, CA 90067
Telephone: (310) 556-6754
Facsimile: (310) 388-5368
krdavis@polsinelli.com
Michael Pegues (pro hac vice)
Polsinelli PC
4020 Maple Ave.
Ste. 300, Dallas, TX 75219
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
Email: mpegues@polsinelli.com

*Attorneys for Defendant*

1

**JOINT RULE 26(f) REPORT**
Case No. 2:25-cv-09702-MWC-BFM

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PACEM IP HOLDINGS LLC,** | **Case No. 2:25-cv-09702-MWC-BFM** |
| **Plaintiff,** | |
| **v.** | **Joint Rule 26(f) Report** |
| **MAXIM LIGHTING INTERNATIONAL, INC.,** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

Plaintiff Pacem IP Holdings LLC ("Pacem") and Defendant Maxim Lighting International, Inc. ("Maxim") (collectively, "Parties") submit this Joint Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Scheduling Conference.

## A.    Statement of the Case

### 1.  Plaintiff's Statement

This is a patent infringement action. Pacem alleges that Maxim infringes U.S. Patent Nos. RE48,489; 8,591,062; 8,752,983; and 9,410,687 ("Patents-in-Suit") through the manufacture, use, offer or sale, sale, and/or importation of certain LED lamp products. Pacem seeks monetary damages and other reliefs.

### 2.  Defendant's Statement

Maxim's products do not infringe the Patents-in-Suit and therefore denies infringing any of the Patents-in-Suit under any theory including literal infringement and infringement under the doctrine of equivalents. As a consequence of its

2

noninfringement, Maxim denies willfulness, and denies defendant's entitlement to damages, injunctive relief, or attorneys' fees. Additionally, it is believed that the Patent-in-Suit are invalid under §§ 101, 102, 103, and 112. Still further, Maxim asserts statutory limits on damages; waiver, estoppel, acquiescence, and unclean hands; prosecution history estoppel; and unenforceability.

**B.      Subject Matter Jurisdiction and Venue**

Subject-matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a). Pacem contends venue is proper in this District under 28 U.S.C. § 1400(b). Maxim reserves all venue-related positions not otherwise admitted in its pleadings. No jurisdictional or venue motions are currently anticipated.

**C.      Legal Issues**

The key legal issues include, but are not limited to, the following:

**Infringement/Noninfringement.**

Pacem alleges Maxim's accused LED lamp products—including, by non-limiting examples, the B11 4W E12 Bulb, E26 6W ST58 2700K Bulb, 4W T30 4D E26 Bulb, 7W A19 Frosted 3000K Bulb, G25 Reflector Bulb, G25 4W 2200K Bulb, and T8 4W LED Bulb—infringe one or more claims of the Patents-in-Suit; Maxim denies infringement (direct, indirect, or under the doctrine of equivalents) and asserts noninfringement.

3

**Patent Validity/Enforceability.**

Pacem contends the Patents-in-Suit are valid and enforceable; Maxim challenges validity and enforceability under, inter alia, 35 U.S.C. §§ 101, 102, 103, and 112, and asserts related equitable defenses and prosecution-history-based limits.

**Attorneys' Fees (Exceptional Case).**

Pacem contends this is an exceptional case warranting fees under 35 U.S.C. § 285; Maxim denies any basis for exceptional-case findings or fee shifting.

Maxim contends, however, it is entitled to its attorneys' fees under 35 U.S.C. § 285 because this lawsuit qualifies as "exceptional." Maxim further contends Pacem filed this action in bad faith and without an objectively reasonable basis, as only a strained claim-construction position could provide Pacem with a colorable claim of infringement, and even under such construction, no infringement will be found. Pacem denies each of these allegations and further denies that this action was brought in bad faith or lacks an objectively reasonable basis.

**Any Other Reliefs.**

Pacem seeks monetary damages including at least a reasonable royalty, costs, interest, and such other and further reliefs as the Court deems just and proper; Maxim denies that Pacem is entitled to any relief.

**D.    Damages**

Pacem seeks monetary damages adequate to compensate for the alleged

4

infringement, including, but not limited to, at least a reasonable royalty, and, where supported by evidence, lost profits; Pacem also seeks prejudgment and post-judgment interest, supplemental or ongoing damages through judgment, and costs, all consistent with 35 U.S.C. § 284 and its Prayer for Relief. Maxim denies that Pacem is entitled to any damages. Maxim further denies that Pacem has suffered any compensable harm arising from the accused products.

Pacem states it cannot presently provide a good-faith damages range because it has not yet received Maxim's sales and financial information for the accused products; Pacem expects to provide an estimate after production of core sales data in discovery. Maxim agrees that damages estimates should await the exchange of core financial data. Maxim reserves all rights to challenge any damages theories advanced by Pacem as unsupported by the evidence or inconsistent with governing law.

The parties anticipate that damages discovery will encompass sales, revenue, costs, and profit information for the accused products; licensing and settlement agreements concerning the Patents-in-Suit and comparable technologies; marketing and technical materials relevant to demand and acceptable non-infringing alternatives; and facts bearing on notice and marking. Disputes may include, among other things, the appropriate royalty base and rate, apportionment, alleged application of the entire market value rule, convoyed or ancillary sales (if any), and the temporal scope of recoverable damages.

5

**E.    Parties and Evidence**

**1.  Parties**

Plaintiff Pacem is a Texas limited liability company with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252. Plaintiff is the owner of the intellectual property rights at issue in this action.

Defendant Maxim is a corporation organized and existing under the laws of California that maintains an established place of business[1] at 253 N Vineland Ave., City of Industry, CA 91746.

**2.  Percipient Witnesses**

Key fact witnesses likely will include respective corporate representatives of both Parties; inventors and persons knowledgeable regarding conception and prosecution of the Patents-in-Suit; and third parties such as component suppliers, distributors, or retailers with knowledge regarding the accused products and alleged use or sales.

Expert testimony is anticipated regarding infringement, noninfringement, validity, enforceability, damages, and relevant technical background. The parties propose the expert in the schedule filed herewith and agree that disclosures will comply with Rule 26(a)(2) and any governing orders.

---

[1] https://www.maximlighting.com/contact-us

6

**JOINT RULE 26(f) REPORT**
Case No. 2:25-cv-09702-MWC-BFM

### 3. Key Documents and Evidence

Important documents in this case are expected to include: (1) the Patents and their prosecution history (file history) from the U.S. Patent and Trademark Office for the following patents: Nos. RE48,489; 8,591,062; 8,752,983; and 9,410,687; (2) Defendant's technical documents, drawings, and specifications for the accused products; (3) communications between the Parties regarding the Patents-in-Suit or the accused products, excluding communications protected by Federal Rule of Evidence 408, and communications between either Party and third parties (such as customers, suppliers, etc.) concerning this case or the allegations of infringement; (4) sales records and related costs for the accused products, shipping records for the accused products, marketing materials for the accused products, licensing agreements related to the Patents-in-Suit, settlement agreements related to the Patents-in-Suit; (5) communications between either Party and third parties regarding U.S. Patent Nos. RE48,489; 8,591,062; 8,752,983; and 9,410,687 and their respective patent applications and (6) materials comprising or related to potential prior art to the Patents-in-Suit.

### F.     Insurance

The parties will disclose any responsive insurance information in their initial disclosures, if applicable.

7

**G.     Manual for Complex Litigation**

The parties do not believe that this case is complex or that it requires a reference to the procedures set forth in the Manual for Complex Litigation.

**H.     Motions**

At this time, the parties do not anticipate any motions to add parties, to transfer venue, or to challenge the Court's jurisdiction. The parties anticipate motions relating to claim construction, discovery, and Daubert. They will meet and confer to narrow issues and present any disputes efficiently.

**I.     Dispositive Motions**

The primary issues in this case, whether the accused products infringe the Patents-in-Suit and any related defenses, may be appropriate for resolution on dispositive motion after some discovery and claim construction.

**J.     Status of Discovery**

**Initial Disclosures.** The parties will exchange Rule 26(a)(1) initial disclosures within 14 days of the Rule 26(f) conference. Apart from these disclosures, neither side has propounded formal discovery requests as of the date this report is filed but anticipates doing so shortly. There are currently no discovery disputes pending before the Court.

**K.    Discovery Plan**

**1.  Rule 26(f)(3)(A)—Changes to the timing, form, or disclosures under Rule 26(a)**

The parties believe that discovery should be limited to the defaults provided in the Federal Rules of Civil Procedure except as otherwise indicated herein. The parties agree to make their initial within 14 days of the Rule 26(f) conference, and they will supplement those disclosures as needed.

**2.  Rule 26(f)(3)(B)—Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

Discovery will be needed on all factual matters relevant to the claims and defenses in this case. In particular, the parties anticipate conducting discovery on at least the following subjects:

infringement and noninfringement; validity and enforceability; conception, reduction to practice, and priority; prior art; design, operation, and technical documents for the accused products; marking and notice; willfulness; licenses related to the Patents-in-Suit; settlements related to the Patents-in-Suit; damages, including sales, costs, and profits; and secondary considerations.

Both sides agree that discovery into these subjects is necessary to prepare for trial. The parties do not believe that discovery should be conducted in phases or otherwise limited.

**3. Rule 26(f)(3)(C)—Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

The parties will negotiate and submit an ESI Protocol addressing custodians, search methodologies, metadata fields, deduplication, and production formats (e.g., TIFF/PDF with load files and natives for spreadsheets, presentations, and other files as appropriate). Source code, if any, will be produced or made available under a secure inspection protocol. The parties will discuss reasonable custodian and search-term limits and phased discovery if appropriate.

There are no other discovery, disclosure, or ESI preservation issues at this time.

**4. Rule 26(f)(3)(D)—Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

The parties will incorporate a Rule 502(d) non-waiver provision in the protective order to address inadvertent production. Privilege logs will be exchanged in an agreed format after substantial completion of document productions.

The parties agree that they are not required to include in a privilege log privileged communications post-dating the filing of the Complaint or any privileged communications between the parties and their litigation counsel prior to the filing of the Complaint.

10

**5. Rule 26(f)(3)(E)—What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

The parties propose the default limits under the Federal Rules and Local Rules, reserving the right to seek adjustments for good cause in view of the number of asserted claims, accused products, and prior art references.

**6. Rule 26(f)(3)(F)—Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

The parties will submit a proposed stipulated protective order providing for at least "Confidential" and "Attorneys' Eyes Only" designations, and, if necessary, a "Source Code" tier, to protect technical and financial information.

**L.    Expert Discovery**

The parties' proposed dates for initial and rebuttal witness disclosures and expert discovery cut-off are, as listed on the attached Worksheet:

a. Initial Expert Reports (party with burden): 24 weeks before the FPTC.

b. Rebuttal Expert Reports: 21 weeks before the FPTC.

c. Close of Expert Discovery: 19 weeks before FPTC.

**M.    Settlement Conference / Alternative Dispute Resolution ("ADR")**

The parties have considered the available ADR options. The parties jointly prefer to participate in a settlement conference before a Magistrate Judge, subject to the Court's approval.  The parties believe that a settlement conference supervised by a Magistrate Judge, likely after some discovery has taken place, would be the most

11

efficient and cost-effective method to facilitate a possible resolution. In particular, the parties propose to complete a Magistrate Judge settlement conference by the deadline of January 22, 2027, as reflected in proposed schedule on the attached Worksheet. This timing would allow the parties to have the benefit of fact and expert discovery, if needed, before participating in the mandatory settlement conference.  If the Magistrate Judge's schedule cannot accommodate the proposed timeframe, the parties would be open to other dates at the Magistrate's convenience.

Both parties remain open to the possibility of settlement as the case proceeds even prior to a settlement conference.

## N.    Trial Estimate

Pacem demands a jury trial on all triable issues and seeks damages and other relief. Maxim likewise demands a jury trial. The parties currently estimate a 5-7 day trial, subject to refinement after claim construction and expert disclosures.

## O.    Trial Counsel

For Plaintiff Pacem:

Steven W. Ritcheson (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
Email:  swritcheson@insightplc.com

Jack Shaw (CA Bar No. 309382)
Brett Mangrum (*pro hac vice*)

**JOINT RULE 26(f) REPORT**
Case No. 2:25-cv-09702-MWC-BFM

Mark D. Siegmund (*pro hac vice*)
William D. Ellerman (*pro hac vice*)
Ari Rafilson (*pro hac vice*)
**CHERRY JOHNSON SIEGMUND JAMES PC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
jshaw@cjsjlaw.com
bmangrum@cjsjlaw.com
msiegmund@cjsjlaw.com
wellerman@cjsjlaw.com
arafilson@cjsjlaw.com

For Defendant Maxim:

Kevin Davis (SBN 323270)
Polsinelli LLP
2049 Century Park E., Ste. 2900
Los Angeles, CA 90067
Telephone: (310) 556-6754
Facsimile: (310) 388-5368
krdavis@polsinelli.com
Michael Pegues (pro hac vice)
Polsinelli PC
4020 Maple Ave.
Ste. 300, Dallas, TX 75219
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
Email: mpegues@polsinelli.com

**P.   Magistrate Judge**

The parties do not presently wish to have a Magistrate Judge preside over all the proceedings.

13

**JOINT RULE 26(f) REPORT**
Case No. 2:25-cv-09702-MWC-BFM

**Q.     Independent Expert or Master**

The parties do not recommend that the Court consider appointing a master or independent scientific expert.

**R.     Schedule Worksheet**

Attached as **Exhibit A** is a completed copy of the Court's Worksheet with the parties' positions as to requested pretrial and trial dates.

The parties' proposed schedule in **Exhibit A** and the bullet points below reflect the parties' request that the Court adopt a schedule specific for a patent infringement case, which reflects the Court's Standing Order re Patent Cases (Dkt. 15).

    a.  **Disclosures of Asserted Claims and Infringement Contentions (S.P.R. 3-1) and Document Production Accompanying Disclosure (S.P.R. 3-2):** Not later than 14 days after the date currently set for Initial Case Management Conference (February 13, 2026).

    b.  **Invalidity Contentions (S.P.R. 3-3) and Document Production Accompanying Invalidity Contentions (S.P.R. 3-4):** Not later than 45 days after service of the Disclosure of Asserted Claims and Infringement Contentions.

    c.  **Advice of Counsel (S.P.R. 3-7):** No later than thirty-days (30) days after service by the Court of its claim construction ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason

14

shall disclose the existence of such reliance. The timing and scope of any resulting disclosures shall be governed by the Federal Rules of Civil Procedure and orders of the Court.

d. **Damages Contentions (S.P.R. 3-8):** Not later than 50 days after service of the Invalidity Contentions.

e. **Responsive Damages Contentions (S.P.R. 3-9):** Not later than 30 days after service of the Damages Contentions.

f. **Damages Contentions Meeting (S.P.R. 3-10):** Not later than 60 days after the response date for any required disclosure under S.P.R. 3-9.

g. **Exchange of Proposed Terms for Construction (S.P.R. 4-1):** Not later than 14 days after service of the Invalidity Contentions.

h. **Exchange of Preliminary Constructions and Extrinsic Evidence (S.P.R. 4-2)**: Not later than 21 days after the exchange of the lists pursuant to S.P.R 4-1.

i. **Joint Claim Construction and Prehearing Statement and Expert Reports (S.P.R. 4-3):** Not later than 60 days after service of the "Invalidity Contentions."

j. **Completion of Claim Construction Discovery (S.P.R. 4-4)**: Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement.

15

k. **Opening Claim Construction Brief (S.P.R. 4-5(a))**: Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement.

l. **Responsive Claim Construction Brief (S.P.R. 4-5(b)):** Not later than 14 days after service of the opening claim construction brief.

m. **Reply Claim Construction Brief (S.P.R. 4-5(c)):** Not later than 7 days after service of the responsive claim construction brief.

n. **Claim Construction Hearing (S.P.R. 4-6):** Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in S.P.R. 4-5(c).

**S.     Other Issues**

The Standing Patent Rules governing cases assigned to Judge Michelle Williams Court require the following issues to be discussed:

> i. **Proposed modification of the obligations or deadlines set forth in these Standing Patent Rules to ensure that they are suitable for the circumstances of the particular case (see S.P.R 1-3).**

No modification of the obligations or deadlines set forth in these Standing Patent Rules, except as already stated in this Joint Report, are proposed.

> ii. **The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the court) and damages discovery.**

**JOINT RULE 26(f) REPORT**
Case No. 2:25-cv-09702-MWC-BFM

The deadlines for timing of claim construction discovery are discussed in Section R above. Claim construction discovery will include, for example: expert witnesses, expert depositions, extrinsic evidence such as dictionaries and technical treatises, inventor testimony and documents, prosecution history, and prior art references. Damages discovery will not be held separately and will be discoverable at any time during fact or expert discovery.

### iii. The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.

The parties propose a standard claim construction hearing format appropriate for a simple mechanical device patent. The parties anticipate that live testimony may be required, that live tutorials by an attorney and non-attorney may be required, and the hearing can be conducted based on the parties' claim construction briefs, the intrinsic record, and any extrinsic evidence submitted with the briefs. Whether live testimony or tutorials will be required depends on which claim terms are disputed. The parties propose the following order of presentation: (1) Plaintiff's opening presentation, (2) Defendant's responsive presentation, and (3) Plaintiff's rebuttal. The parties estimate the hearing will require approximately 2-3 hours, with each side receiving equal time for presentation and argument, subject to the Court's preferences and scheduling.

17

**JOINT RULE 26(f) REPORT**
Case No. 2:25-cv-09702-MWC-BFM

### iv. How the parties intend to educate the court on the technology at issue.

The parties will educate the Court on the technology through their claim construction briefs, which will include descriptions of the relevant technology and how the claimed invention works. The parties anticipate that the technology at issue is straightforward and can be adequately explained through the patent specification, prosecution history, illustrative figures from the patent and slide presentation. The parties do not anticipate the need for a separate tutorial or technical expert presentation, but defer to the Court's preference if the Court would find such a presentation helpful.

### v. The parties shall provide the court with a non-binding, good-faith estimate of the damages range expected for the case along with an explanation for the estimates. If either party is unable to provide such information, that party shall explain why it cannot and what specific information is needed before it can do so. Such party shall also state the time by which it should be in a position to provide that estimate and explanation.

Plaintiff Pacem cannot currently estimate damages, as the damages calculation depends upon the sales of the accused products by Defendant Maxim. Plaintiff Pacem has not received any information related to sales of the accused products. Plaintiff Pacem expects to be in possession of the necessary information for damages calculation when made available through Discovery.

**JOINT RULE 26(f) REPORT**
Case No. 2:25-cv-09702-MWC-BFM

January 16, 2026                    **CHERRY JOHNSON SIEGMUND JAMES PC**

By:   /s/ Jack Shaw
Jack Shaw
Brett Mangrum
Mark D. Siegmund
William D. Ellerman
Ari Rafilson

Steven W. Ritcheson
**INSIGHT, PLC**

*Attorneys for Plaintiff*

January 16, 2026

**POLSINELLI LLP**

By: /s/ Michael Pegues
Michael Pegues

*Attorney of Record for Defendant*
MAXIM LIGHTING
INTERNATIONAL, INC.

19

**JOINT RULE 26(f) REPORT**
Case No. 2:25-cv-09702-MWC-BFM

## SIGNATURE ATTESTATION

I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Jack Shaw*
Jack Shaw

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic service.

*/s/ Jack Shaw*
Jack Shaw

**JOINT RULE 26(f) REPORT**
Case No. 2:25-cv-09702-MWC-BFM