Steven W. Ritcheson (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
Email:  swritcheson@insightplc.com

Jack Shaw (CA Bar No. 309382)
Alejandro D. Echeverria (CA Bar No. 355375)
Brett Mangrum (*pro hac vice*)
Mark D. Siegmund (*pro hac vice*)
William D. Ellerman (*pro hac vice*)
Ari Rafilson (*pro hac vice*)
**CHERRY JOHNSON SIEGMUND JAMES PC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
jshaw@cjsjlaw.com
bmangrum@cjsjlaw.com
msiegmund@cjsjlaw.com
wellerman@cjsjlaw.com
arafilson@cjsjlaw.com

*Attorneys for Plaintiff*


KEVIN DAVIS (SBN:  323270)
**POLSINELLI LLP**
krdavis@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA  90067
Telephone:   310.556.1801
Facsimile:    310.556.1802

MICHAEL PEGUES (*pro hac vice*)
**POLSINELLI PC**
mpegues@polsinelli.com
4020 Maple Avenue, Suite 300
Dallas, TX  75219
Telephone:   (214) 397-0030
Facsimile:    (214) 397-0033

*Attorneys for Defendant*
*Maxim Lighting International, Inc.*

1

JOINT CLAIM CONSTRUCTION STATEMENT AND PREHEARING STATEMENT
Case No. 2:25-cv-09702-MWC-BFM

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

PACEM IP HOLDINGS LLC,

    Plaintiff,

v.

MAXIM LIGHTING INTERNATIONAL, INC.,

    Defendant.

Case No. 2:25-cv-09702-MWC-BFM

JOINT CLAIM CONSTRUCTION STATEMENT AND PREHEARING STATEMENT

Pursuant to this Court's Standing Patent Rules ("S.P.R.") 4-3 (Dkt. 15), Plaintiff Pacem IP Holdings LLC ("Pacem") and Defendant Maxim Lighting International, Inc. ("Maxim") (collectively, the "Parties") hereby submit the following Joint Claim Construction and Prehearing Statement regarding claim terms of United States Patent Nos. RE48,489 ("the '489 Patent"); 8,591,062 ("the '062 Patent"); 8,752,983 ("the '983 Patent"); and 9,410,687 ("the '687 Patent") (collectively, the "Asserted Patents").

## I.    <u>PACEM'S PRELIMINARY STATEMENT</u>

Pacem submits that the claims of the patents-in-suit are clear on their face and would be readily understood by a jury without further construction. Maxim has identified certain terms that it contends require construction. While Pacem maintains that no construction is necessary for many of the disputed terms, Pacem has provided alternative proposed constructions for some disputed terms in the event the Court determines otherwise.

## II.    <u>MAXIM'S PRELIMINARY STATEMENT</u>

Maxim submits that the claims of the Asserted Patents require construction of the terms identified by Maxim for construction. A jury would be unable to readily understand the metes and bounds of the claims without those constructions. Maxim's proposed constructions are supported by

2

intrinsic evidence, including explicit definitions in the specifications, implicit definitions reflected in the specifications and figures, and further support from the prosecution histories of each of the Asserted Patents. Maxim has provided specific columns and lines, figures, and pages from the prosecution histories in support of its constructions. Maxim's constructions are also supported by extrinsic evidence, and Plaintiff has relied on some of the same extrinsic evidence. Maxim continues to reserve all rights, including the right to modify, supplement, or amend its claim constructions.

### III.    AGREED CONSTRUCTIONS (S.P.R. 4-3(A))

Despite meeting and conferring in good faith, the Parties were unable to reach agreement on any claim term constructions. Accordingly, there are no agreed constructions at this time.

### IV.    DISPUTED CONSTRUCTIONS (S.P.R. 4-3(B))

The Parties have been unable to agree on any of the construction of the preliminary terms for construction. The Parties' respective proposed constructions for all terms, with cited intrinsic and extrinsic support, are attached as **Exhibit A.** Though no agreement was reached regarding any term, the Parties submit the following ten terms whose construction will be most significant to the resolution of the case.

### V.    MOST SIGNIFICANT DISPUTED CONSTRUCTIONS (S.P.R. 4-3(C))

The Parties identify the following ten (10) claim terms as the most significant to the resolution of this case:

1. "in a band" ('062 Patent, Claim 7; '983 Patent, Claim 1; '687 Patent, Claims 1 and 12)

2. "adequately dissipated" ('687 Patent, Claim 12)

3. "thermally coupled" ('983 Patent, Claims 1 and 23; '489 Patent, Claims 1, 10, and 11)

4. "visibly appears as a centrally glowing area" ('062 Patent, Claim 7)

5. "current level per area of EPI area" ('687 Patent, Claim 12)

3

6. "a center of the optically transmissive enclosure" ('983 Patent, Claim 1) / "optical center of the enclosure along the longitudinal axis" ('687 Patent, Claim 1)

7. "substantially in the center of the enclosure" ('983 Patent, Claims 6 and 16)

8. "appears as a glowing filament" ('687 Patent, Claims 1 and 12)

9. "disposed about the periphery of the tower" ('687 Patent, Claims 1 and 12)

10. "completely enclosed" ('687 Patent, Claim 12)

## VI. ANTICIPATED LENGTH OF CLAIM CONSTRUCTION HEARING (S.P.R. 4-3(D))

The Parties anticipate that the claim construction hearing will require approximately 2 hours. Assuming the hearing is limited to attorney argument, the Parties believe approximately 60 minutes per side will be sufficient, for a total of approximately 2 hours. If the Court permits live testimony, additional time may be required.

## VII. WITNESSES (S.P.R. 4-3(E))

Pacem may call one or more technical experts as witnesses at the claim construction hearing to explain the technology of the asserted patents, the state of the art, the level of ordinary skill in the art, and the meaning of disputed terms to a person of ordinary skill in the art at the time of the invention.

Maxim may proffer expert witness testimony at the claim construction hearing concerning the level and perspective of one skilled in the art at the time of the invention, the ordinary meaning of claim terms and words used in the patents, the meaning of the terms as required by specification and prosecution history, and the technology described in the Asserted Patents.

## VIII. FACTUAL FINDINGS (S.P.R. 4-3(F))

The Parties are not aware of any factual findings from other proceedings that are relevant to claim construction of the patents-in-suit.

June 12, 2026                                    **CHERRY JOHNSON SIEGMUND**
                                                **JAMES PC**

                                        By:     */s/ Jack Shaw*
                                                Jack Shaw
                                                Alejandro D. Echeverria
                                                Brett Mangrum
                                                Mark D. Siegmund
                                                William D. Ellerman
                                                Ari Rafilson

                                                Steven W. Ritcheson
                                                **INSIGHT, PLC**
                                                *Attorneys for Plaintiff*

June 12, 2026                                    **POLSINELLI LLP**
                                        By:     */s/ Kevin Davis*
                                                Michael Pegues
                                                Kevin Davis

                                                *Attorneys for Defendant*

## SIGNATURE ATTESTATION

I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Jack Shaw*
Jack Shaw

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive *electronic* service.

*/s/ Jack Shaw*
Jack Shaw

5

JOINT CLAIM CONSTRUCTION STATEMENT AND PREHEARING STATEMENT
Case No. 2:25-cv-09702-MWC-BFM