KEVIN DAVIS (SBN: 323270)
**POLSINELLI LLP**
krdavis@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:     310.556.1801
Facsimile:     310.556.1802

MICHAEL PEGUES (*pro hac vice*)
**POLSINELLI PC**
mpegues@polsinelli.com
4020 Maple Avenue, Suite 300
Dallas, TX 75219
Telephone:     (214) 397-0030
Facsimile:     (214) 397-0033
*Attorneys for Defendant*
*Maxim Lighting International, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

<table>
<tr><td>

PACEM IP HOLDINGS LLC, a Texas limited liability company,

Plaintiff,

v.

MAXIM LIGHTING INTERNATIONAL, INC., a California corporation,

Defendant.

</td><td>

Case No. 2:25-cv-09702

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MAXIM LIGHTING INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE AMENDED PRELIMINARY INVALIDITY CONTENTIONS**

Date: August 7, 2026
Time: 1:30 PM PST
Courtroom: Courtroom 6A, 6th Floor
Judge: Hon. Michelle W. Court

</td></tr>
</table>

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................ 1

II.  BACKGROUND .......................................................................................................... 2

   A.  Maxim's Diligent Efforts to Uncover and Identify Fiene and Su ................................ 2

   B.  Maxim's Prompt Disclosure Before Upcoming Case Deadlines .................................. 3

III.  LEGAL STANDARD .................................................................................................. 3

IV.  ARGUMENT ............................................................................................................... 4

   A.  Maxim Was Diligent in Discovering the Basis for Amendment ................................... 4

   B.  Maxim Was Diligent in Seeking Amendment After Discovering Fiene and Su .......... 5

   C.  Fiene and Su Are Highly Material to Maxim's Existing Invalidity Theories ............. 5

   D.  Pacem Will Not Suffer Undue Prejudice .................................................................... 6

V.  CONCLUSION ............................................................................................................. 7

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

MEMORANDUM ISO DEFENDANT MOTION FOR LEAVE TO SERVE AMENDED PRELIMINARY INVALIDITY CONTENTIONS
Case No. 2:25-cv-09702

112167204.3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fujifilm Corp. v. Motorola Mobility LLC*,
No. 12-cv-03587-WHO, 2014 WL 491745 (N.D. Cal. Feb. 5, 2014) ...................................4, 5

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)..................................................................................................4

*Positive Techs., Inc. v. Sony Elecs., Inc.*,
No. C 11-2226 SI, 2013 WL 322556 (N.D. Cal. Jan. 28, 2013)................................................4

*Spex Techs., Inc. v. Kingston Tech. Corp.*,
No. 8:16-cv-01790-JVS, 2020 WL 2527045 (C.D. Cal. Mar. 2, 2020) ....................................4

*Synchronoss Techs., Inc. v. Dropbox Inc.*,
No. 16-cv-00119-HSG (KAW), 2018 WL 5619743 (N.D. Cal. Oct. 29, 2018)....................4, 6

*THX Ltd. v. Apple, Inc.*,
No. 13-cv-01161-HSG, 2016 WL 1718137 (N.D. Cal. Apr. 29, 2016) .............................1, 5, 6

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
236 F. Supp. 3d 1110 (N.D. Cal. 2017) ....................................................................................4

**Statutes**

35 U.S.C. § 102.............................................................................................................................6

35 U.S.C. § 103.............................................................................................................................6

**Rules**

Local Rule 7-3...........................................................................................................................1, 5

Standing Patent Rule 3-6 .................................................................................................... *passim*

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

## I.    INTRODUCTION

Maxim respectfully seeks leave to amend its preliminary invalidity contentions to add two material, recently discovered prior-art references: U.S. Patent Application Publication No. 2012/0291269, titled "Vapor Lamp Assembly Technique and Power Supply," by Fiene et al. ("Fiene"), and Canadian Patent No. 2,687,529, titled "LED Light Bulb With Improved Illumination and Heat Dissipation," by Allen Su ("Su"). *See* Declaration of Jay Gersten ("Gersten Decl.") Exs. 4, 5. Maxim also seeks leave to serve supplemental invalidity charts mapping Fiene, Su, and the Fiene/Su combination to the asserted claims. *Id*., Ex. 3.

The record shows diligence at each step. Maxim timely served preliminary invalidity contentions on April 13, 2026. Gersten Decl., ¶¶ 3-4. Before that deadline, Maxim had met with PatentVest, Inc. ("PatentVest") in March 2026 to discuss its AI-assisted patentability-search tool, but PatentVest was still developing the tool and it had not yet been approved or made available for Maxim's invalidity search. *Id*., ¶ 6. When PatentVest later informed Maxim in May 2026 that the tool was available and could be developed for invalidity searches, Maxim requested a prior-art search on May 19, 2026. *Id.*, ¶ 7. PatentVest returned fourteen references on May 26 and 27, 2026; Fiene and Su were among the May 26 references. *Id.*, ¶¶ 8-9. Within thirty days, Maxim reviewed the references, identified Fiene and Su, prepared supplemental charts, and disclosed the proposed amended contentions, charts, and references to Pacem on June 25, 2026. *Id.*, ¶¶ 11-14; *id.*, Ex. 2.

That timeline satisfies both phases of diligence required under Standing Patent Rule 3-6. Maxim investigated PatentVest before the April 13 deadline, used the tool as soon as it became available, identified Fiene and Su forty-three days after serving its preliminary invalidity contentions, disclosed the proposed supplement thirty days after PatentVest first produced the references, conferred with Pacem per Local Rule 7-3, and filed this Motion fifteen days after providing the supplement to Pacem and nine days after meeting with Pacem to discuss the same. Courts find diligence on comparable timelines. *See, e.g., THX Ltd. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2016 WL 1718137, at *2 (N.D. Cal. Apr. 29, 2016) (finding diligence where Apple used outside consultants and prior-art search firms, notified THX of proposed amendments, and moved

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

less than two months after receiving the last relevant documents and less than five months after receiving the first).

Pacem will not suffer undue prejudice. Maxim disclosed Fiene and Su more than one month before opening claim construction briefs and nearly three months before the close of fact discovery. Fact discovery remains open until September 18, 2026; expert disclosures are due September 25, 2026; rebuttal expert disclosures are due October 9, 2026; expert discovery closes October 23, 2026; the last day to hear motions is December 11, 2026; and trial is set for March 15, 2027. D.I. 31 at 4. Maxim does not seek any schedule modification. Pacem already has the proposed amended contentions, charts, and references and can address them within the existing schedule.

The Court should grant leave so the parties can litigate invalidity on a complete and orderly record.

## II.    BACKGROUND

### A.    Maxim's Diligent Efforts to Uncover and Identify Fiene and Su

Pacem filed this lawsuit on October 10, 2025, asserting U.S. Patent Nos. 8,752,983, 9,410,687, RE48,489, and 8,591,062 (collectively, the "Asserted Patents"). The Asserted Patents concern LED replacement lamps and related structures, including optically transmissive enclosures, bases, LED assemblies, heat sinks or towers, electrical paths, and gas-based thermal management. *See, e.g.*, D.I. 1, Ex. A (U.S. Pat. No. RE48,489) at 2:45-62, 9:12-42, 19:4-49, 23:49-24:5; Ex. B (U.S. Pat. No. 8,591,062) at 2:9-18, 12:14-13:27, 38:43-39:39; Ex. C (U.S. Pat. No. 8,752,983) at 2:33-67, 8:55-9:16, 15:38-16:27; Ex. D (U.S. Pat. No. 9,410,687) at 1:56-2:53, 19:18-20:41, 27:49-28:8. The LED replacement-lamp field is crowded, as reflected by the numerous patent and non-patent references cited across the Asserted Patents. *See* D.I. 1, Exs. A-D, code (56).

The Court's Scheduling Order required Maxim to serve preliminary invalidity contentions by April 13, 2026. D.I. 31. Maxim timely served those contentions and produced the accompanying invalidity-contention materials. Gersten Decl. ¶ 3; *see also id.*, Ex. 1. Before that deadline, Maxim met with PatentVest to discuss PatentVest's AI-assisted patentability-search tool.

2

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

*Id.*, ¶ 6. PatentVest informed Maxim that the tool was still under development and not yet available for Maxim's invalidity search. *Id.*, ¶¶ 6-7. When PatentVest later informed Maxim in May 2026 that the tool was available and could be developed for invalidity searches, Maxim requested a search for prior art to the Asserted Patents on May 19, 2026. *Id.*, ¶ 7.

PatentVest provided fourteen potential prior-art references in two batches on May 26 and 27, 2026. Gersten Decl. ¶ 8. Fiene and Su were included in the May 26 batch. *Id.*, ¶ 9. Maxim began reviewing the fourteen references and, on or around June 2, 2026, identified Fiene and Su as potentially significant prior art requiring detailed analysis. *Id.*, ¶¶ 11-12. Maxim then analyzed Fiene and Su against the asserted claims and prepared supplemental claim charts mapping their disclosures to the claim elements. *Id.* ¶¶ 12-13. Maxim completed those charts around June 19, 2026, prepared the amended Supplemental Preliminary Invalidity Contentions submitted herewith as Exhibit 3, and served Pacem with the amended contentions, supplemental charts, and references on June 25, 2026. *Id.*, ¶¶ 13-14; *id.,* Exs. 2-3.

The amendment therefore did not result from withholding known prior art. Fiene and Su were discovered through a third-party tool that was not available to Maxim before the April 13 deadline, and Maxim disclosed the proposed supplement thirty days after PatentVest first provided the references. Gersten Decl. ¶¶ 6-14.

### B. Maxim's Prompt Disclosure Before Upcoming Case Deadlines

Maxim disclosed Fiene and Su while the case schedule still provided Pacem ample time to respond. Opening claim construction briefs are due July 27, 2026, responsive briefs are due August 10, 2026, reply briefs are due August 17, 2026, and the claim construction hearing is set for September 4, 2026. D.I. 31 at 4. Fact discovery remains open until September 18, 2026; expert disclosures are due September 25, 2026; rebuttal expert disclosures are due October 9, 2026; and expert discovery closes October 23, 2026. *Id.* The last day to hear motions is December 11, 2026, and trial is set for March 15, 2027. *Id.* Maxim seeks no schedule modification.

### III. LEGAL STANDARD

S.P.R. 3-6 provides that amendment of infringement or invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." S.P.R. 3-6. Good cause

3

112167204.3

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

may exist, absent undue prejudice, when there has been "[r]ecent discovery of material, prior art despite earlier diligent search." S.P.R. 3-6(b).

The good-cause inquiry focuses first on the moving party's diligence and then on prejudice to the non-moving party. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006). Diligence has two phases: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Spex Techs., Inc. v. Kingston Tech. Corp.*, No. 8:16-cv-01790-JVS (DFMx), 2020 WL 2527045, at *3 (C.D. Cal. Mar. 2, 2020) (quoting *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013)). The standard requires diligence, not perfection. *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014).

If the movant establishes diligence, courts then consider whether amendment would unduly prejudice the non-moving party. *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017). Prejudice is typically found when the amendment would disrupt the case schedule, discovery deadlines, motion practice, trial, or other court orders. *See id*. The relevant question is not whether the amendment requires some additional work, but what incremental prejudice results from the timing of the amendment. *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG (KAW), 2018 WL 5619743, at *6 (N.D. Cal. Oct. 29, 2018).

## IV.    ARGUMENT

### A.    Maxim Was Diligent in Discovering the Basis for Amendment

Maxim acted diligently in discovering Fiene and Su. S.P.R. 3-6(b) expressly recognizes good cause for the recent discovery of material prior art despite an earlier diligent search. S.P.R. 3-6(b). That is what happened here.

Maxim's earlier diligence is documented. Before the April 13 deadline, Maxim investigated available prior art, served preliminary invalidity contentions, and produced supporting materials. Gersten Decl. ¶ 3. Maxim also met with PatentVest in March 2026 to evaluate PatentVest's AI-assisted search tool, but the tool was still under development and not yet available for Maxim's invalidity search. *Id*., ¶ 6. Once PatentVest informed Maxim in May 2026 that the

4

tool was available and could be developed for invalidity searches, Maxim requested a search on May 19, 2026. *Id*., ¶ 7. PatentVest returned results on May 26 and 27, 2026, and Fiene and Su were included among the May 26 references. *Id*., ¶¶ 8-9. Maxim therefore could not have charted Fiene and Su before it discovered them through PatentVest. *Id*., ¶¶ 5-10.

THX confirms that these facts show diligence. There, the court granted leave where Apple used outside consultants and prior-art search firms, served third-party subpoenas, promptly notified THX of proposed amendments, and moved less than two months after receiving the last relevant documents and less than five months after receiving the first. *See THX Ltd. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2016 WL 1718137, at *2 (N.D. Cal. Apr. 29, 2016). Maxim likewise pursued a third-party search tool before the deadline, used it promptly when it became available, and identified Fiene and Su only after PatentVest completed the search. Gersten Decl. ¶¶ 6-14.

**B.      Maxim Was Diligent in Seeking Amendment After Discovering Fiene and Su**

Maxim also acted diligently after discovering Fiene and Su. PatentVest provided its search results on May 26 and 27, 2026. Gersten Decl. ¶ 8. Maxim reviewed those results, identified Fiene and Su as potentially significant by June 2, prepared supplemental claim charts, completed those charts on or around June 19, and provided Pacem with the amended contentions, charts, and references on June 25. *Id*., ¶¶ 11-14; *see also id*., Ex. 2. Maxim then filed this Motion on July 8, twelve days after disclosure to Pacem and after the parties' Local Rule 7-3 conference.

This sequence is prompt. S.P.R. 3-6 requires a timely showing of good cause; it does not require a party to move before it has analyzed the references and prepared usable charts. *See THX*, 2016 WL 1718137, at *2; *Fujifilm*, 2014 WL 491745, at *4. Maxim completed the necessary analysis, gave Pacem the proposed amendment within thirty days of receiving the references, and sought leave without waiting for any case deadline to pass.

**C.      Fiene and Su Are Highly Material to Maxim's Existing Invalidity Theories**

The proposed amendment is narrow and material. Maxim seeks to add only Fiene and Su. Gersten Decl. Exs. 4-5. The supplemental charts map those references to the asserted claims and identify disclosures of optically transmissive enclosures, bases and Edison bases, LED assemblies and arrays, centrally located or filament-like LED arrangements, heat-sink and thermally

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

5

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

conductive structures, electrical connections, and gas or vapor thermal coupling. *Id.*, Ex. 3. Those limitations are central to Pacem's asserted claims and Maxim's invalidity defenses.

The amendment does not add new statutory grounds, new accused products, or a new claim-construction position. It adds prior-art support for the 35 U.S.C. §§ 102 and 103 theories already disclosed for LED replacement lamps and related thermal-management structures. Gersten Decl. Ex. 3. That targeted supplementation supports good cause and limits any potential prejudice.

Because the amendment is confined to two references and their accompanying charts, it will not expand the case in any meaningful procedural sense.

### D.    Pacem Will Not Suffer Undue Prejudice

Pacem cannot show undue prejudice. Maxim disclosed Fiene and Su on June 25, 2026, more than one month before opening claim construction briefs and well before the close of fact discovery, expert discovery, dispositive-motion practice, and trial. D.I. 31 at 4.

The existing schedule gives Pacem a fair opportunity to respond. Fact discovery remains open until September 18, 2026, expert discovery has not begun, and trial is set for March 15, 2027. D.I. 31 at 4. Maxim seeks no schedule extension, and none is required.

The incremental burden is limited to evaluating two additional references and their charts. That is not undue prejudice under S.P.R. 3-6. *See Synchronoss*, 2018 WL 5619743, at *6 (explaining that the issue is not whether an amendment requires additional work, but what incremental prejudice results from the timing of the amendment).

Nor does the amendment change the nature of Maxim's invalidity case. Fiene and Su support the same anticipation and obviousness framework already in the case; they do not inject new legal theories or unrelated technology. *See THX*, 2016 WL 1718137, at *5 (finding no undue prejudice where amendments supplemented initial contentions and did not raise new issues or theories).

Pacem is not prejudiced merely because the references may strengthen Maxim's invalidity case. The relevant question is whether Pacem has a fair opportunity to respond without disruption to the case schedule. It does.

## V.    CONCLUSION

Maxim has demonstrated good cause for leave to amend its preliminary invalidity contentions. Maxim timely served its original contentions, investigated PatentVest before the deadline, used the tool when it became available, promptly evaluated and charted Fiene and Su, disclosed the proposed amendment to Pacem within thirty days of receiving the references, and filed this Motion fifteen days later. The amendment is limited to two material references, requires no schedule change, and leaves Pacem ample time to respond.

For these reasons, Maxim respectfully requests that the Court grant this Motion and grant Maxim leave to serve amended preliminary invalidity contentions.

Dated:  July 9, 2026                                Respectfully submitted,

                                                    **Polsinelli LLP**


                                        By:    */s/ Michael Pegues*
                                               Michael Pegues

                                               Kevin Davis (SBN 323270)
                                               POLSINELLI LLP
                                               2049 Century Park East, Suite 2900
                                               Los Angeles, CA  90067
                                               Telephone:    (310) 556-6754
                                               Facsimile:    (310) 388-5368
                                               Email: krdavis@polsinelli.com

                                               Michael Pegues (*pro hac vice*)
                                               POLSINELLI PC
                                               4020 Maple Avenue, Suite 300
                                               Dallas, TX  75219
                                               Telephone:    (214) 397-0030
                                               Facsimile:    (214) 397-0033
                                               Email: mpegues@polsinelli.com

                                               *Attorneys for Defendant*
                                               *Maxim Lighting International, Inc.*

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA  90067
310.556.1801

7
MEMORANDUM ISO DEFENDANT MOTION FOR LEAVE TO SERVE AMENDED PRELIMINARY INVALIDITY CONTENTIONS
Case No. 2:25-cv-09702
112167204.3

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Maxim Lighting International, Inc., certifies that this brief contains 2,284 words, which complies with the word limit of L.R. 11-6.1.

July 9, 2026                                    */s/ Michael Pegues*
                                               Michael Pegues

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

112167204.3

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

## PROOF OF SERVICE

I, Benjamin Keller, declare as follows:  I am employed in Chicago, Illinois.  I am over the age of eighteen years and not a party to this action.  My business address is 150 North Riverside Plaza, Suite 3000, Chicago, IL 60606.  On July 9, 2026, I served the within:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MAXIM LIGHTING INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE AMENDED PRELIMINARY INVALIDITY CONTENTIONS

on the interested parties in this action addressed as follows:

Steven W. Ritcheson                                   ***Attorneys for Plaintiff***
INSIGHT, PLC
swritcheson@insightplc.com

Jack Shaw
Brett Mangrum
Mark Siegmund
William Ellerman
Ari Rafilson
CHERRY JOHNSON SIEGMUND JAMES, PC
jshaw@cjsjlaw.com
bmangrum@cjsjlaw.com
msiegmund@cjsjlaw.com
wellerman@cjsjlaw.com
arafilson@cjsjlaw.com

☒    **(BY ELECTRONIC MAIL)** By causing the foregoing document(s) to be electronically mailed to the aforementioned interested parties which constitutes service of the document(s) on the individual(s) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July 8, 2026, at Chicago, Illinois.

 */s/Benjamin Keller*
Benjamin Keller